IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PATRICK SARULLO,                          :
BILLIE JEAN SARULLO, h/w                  :     CIVIL ACTION
                                          :
           Plaintiffs                     :
                                          :
           VS.                            :     NO. 08-CV-178
                                          :
C-TOWN SUPERMARKET,                       :
JD TILGHMAN REALTY, LLC                   :
                                          :
           Defendants                     :

MEMORANDUM OPINION AND ORDER

GOLDEN, J.                                                          MARCH 4, 2010

       Presently before the Court is the Motion of the Defendants to Vacate Default Judgment pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. For the reasons which follow, the motion is denied.

       Plaintiffs filed this personal injury action on January 9, 2008 against Defendants C-Town Supermarket ("C-Town") and JD Tilghman Realty, LLC ("Tilghman"). The Complaint alleged, inter alia, that Patrick Sarullo was seriously injured when he slipped and fell on dangerous and defective steps on Defendants' premises on November 16, 2006. An Affidavit of Service filed on February 21, 2008 indicates, under penalty of perjury, that the Summons and Complaint were served upon the two Defendants on February 15, 2008. See Docket Entry #2. Defendants failed to plead or otherwise defend this action.

       On July 24, 2008, Plaintiff's counsel sent certified letters to C-Town and Tilghman advising that neither Defendant had answered the Complaint, and that if Defendants

did not do so with fifteen days, Plaintiffs would file for a default judgment. See Exhibit B to Plaintiff's Response to Defendants' Motion to Vacate. On July 26, 2008, Plaintiffs' counsel received return receipts indicating that the certified letters were received by Defendants' agent. See Exhibit C to Plaintiff's Response to Defendants' Motion to Vacate. Defendants continued to fail to plead or otherwise defend this action.

On August 28, 2008, Plaintiffs filed a Motion for Judgment by Default. Neither Defendant responded to the Motion. Accordingly, the Court granted the Motion on October 3, 2008 and set a hearing on damages for December 3, 2008. A copy of this Order was mailed and e-mailed to all parties by the Clerk of Court. See Docket Entry #4. On January 26, 2009, the Court issued a Memorandum Opinion and Order, entering judgment in favor of the Plaintiffs and against the Defendants in the amount of $ 119,025.19. A copy of the Court's Opinion was mailed and e-mailed to all parties by the Clerk of Court. See Docket Entry #7. On June 11, 2009, Plaintiff filed a Writ of Execution against Defendant Tilghman, which was served on July 9, 2009. On August 7. 2009, Defendants filed the motion sub judice.

Federal Rule of Civil Procedure 55© states that a default judgment may be set aside in accordance with Federal Rule of Civil Procedure 60(b). Rule 60(b) provides that "upon such terms as are just," a party can be relieved from a final judgment for several enumerated reasons, including mistake or excusable neglect or for "any other reason justifying relief from the operation of the judgment." Fed R. Civ. P. 60(b). Furthermore, when a final judgment has been entered because of a default and the defaulting party moves to set aside that judgment, a district court must undertake a three factor analysis. Zawadski De Bueno v. Bueno Castro, 822 F.2d 416, 419-20 (3d Cir. 1987). "[T]he proper inquiry is: whether vacating the judgment will visit

prejudice on the plaintiff, whether the defendant has a meritorious defense, and whether the default was the result of the defendant's culpable conduct." Resolution Trust Corp. v. Forest Grove, 33 F.3d 284, 288 (3d Cir. 1994). The court must weigh these three factors to reach a conclusion. Bonner v. SAJE Int'l, Inc., Civ. A. No. 02-6696, 2004 U.S.Dist. LEXIS 17733, at *4-5 (E.D. Pa. Sept. 3, 2004)(stating that "[e]ven where the plaintiff will not suffer prejudice if the default is opened or where a meritorious defense is raised, culpable conduct by the defendant may justify leaving the default judgment in place"); see also Scottsdale Ins. Co. v. Littlepage, Civ. A. No. 92-2734, 1993 U.S. Dist. LEXIS 9557 at *2-6 (balancing factors). Although our Court of Appeals disfavors default judgments and encourages decisions on the merits, the decision to vacate a default judgment is left to the sound discretion of the district court. Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988).

  *A. Meritorious Defense*

  The "threshold question" when considering a motion to vacate a default judgment is "whether the defendant has alleged facts which, if established at trial, would constitute a meritorious defense to the cause of action." Cent. W. Rental Co. v. Horizon Leasing, 967 F.2d 832, 836 (3d Cir. 1992). Rule 55 does not require a defaulting party "to prove beyond a shadow of a doubt that they will win at trial, but merely to show that they have a defense to the action which at least has merits on its face. Emcasco Inc. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

  In their proposed Answer, defaulting Defendants assert a number of affirmative defenses, including that neither is a proper defendant, Plaintiffs have failed to name an indispensable party and that Plaintiff's own negligence caused the accident. It is difficult for the

3

Court to weigh the merits of the proposed defenses, particularly the defense that Plaintiff's own negligence was the cause of the accident, without the benefit of discovery. However, since this is a slip and fall case, the Court finds that Defendants have made a showing of defenses which have at least merit on their face, and thus the first factor weighs in favor of setting aside the default judgment.

*B. Culpable Conduct*

The next consideration in evaluating Defendants' motion is whether the defaulting party's culpable conduct led to the default. To establish culpability, "more than mere negligence [must] be demonstrated." Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984). "Reckless disregard for repeated communications from plaintiffs and the court...can satisfy the culpable conduct standard." Id. see also id. at 1184 (holding that "we do not believe that it is an abuse of discretion for a trial judge to enter a default judgment to sanction a party who has callously disregarded repeated notices of a judicial proceeding."). In several cases, the Third Circuit has vacated orders refusing to set aside default judgments where the default resulted from a mere breakdown in communication among the defaulting parties' counsel. See Zawadski, 8 22 F.2d at 420-21; see also Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 124 (3d Cir. 1983). Here, however, there was no such breakdown. Nor can Defendants' inaction be attributed to any inadvertence of excusable neglect. On the contrary, Defendants did not answer, appear, or plead in response to the February 15, 2008 service of the Summons and Complaint; the July 24, 2008 certified letters sent by Plaintiff's counsel; the August 28, 2008 Motion for Default Judgment; the October 3, 2008 entry of default judgment and notice of damages hearing; the January 26, 2009 Memorandum Opinion and Order awarding damages in favor of the Plaintiffs and against

the Defendants. Indeed, it was not until August 7, 2009 after the United States marshal served a writ of execution on the Defendants, that Defendants took any action in this litigation. By that time, nearly 18 months had elapsed from the date on which Defendants were served with the Summons and Complaint and nearly 10 months had elapsed from the date the Court entered its default judgment. At no time during this entire proceeding did Defendants contact either this Court or Plaintiffs' counsel.

In attempting to excuse their inaction, Defendants rely exclusively on the affidavit of Kevin M. Luna ("Luna"), the General Manager of C-Town dated July 29, 2009. See Exhibit 3 to Defendants' Motion to Vacate Default Judgment. Luna avers that he has been the General Manager of C-Town since it opened in 2003 and that he has handled the business affairs of the supermarket, including all mail and legal documents related to injury claims. Id. at ¶¶ 2-3. Luna avers that his standard operating procedure for handling documents related to injury claims is to forward such documents to C-Town's insurance company and to subsequently speak with a claims adjuster..Id. at ¶ 4. Luna further avers that he did not, on February 15, 2008, nor at any other time, receive service of a Summons and Complaint in this case and that if he had, he certainly would have forwarded the documents to the insurance company. Id. at ¶ 5.. Finally, Luna avers that the first time he learned of this case was on July 9, 2009 when the marshal served notice of levy. Id. at ¶ 7.

Luna's affidavit, however, is contradicted by the Affidavit of Service in which Ralph J. Marinetti declares, under penalty of perjury, that "the summons with attached complaint was served on Kevin Manual Luna, the General Manager of C-Town supermarket located at 401 W. Tilghman St., Allentown, Lehigh County, Pa. 18102." See Docket Entry #2. It is interesting

5

to note that Mr. Marinetti even identifies Luna by his full middle name, a fact he would be unlikely to know had he not made service on Luna. The Court also notes that Luna's affidavit was sworn to on July 29, 2009, approximately 17 months <u>after</u> the original Affidavit of Service was sworn to by Mr. Marinetti on February 21, 2008. In short, the Court finds Luna's affidavit not to be credible and that Defendants first received notice of this suit on February 15, 2008, the date of service of the Summons and Complaint.

The Court finds that Defendants have demonstrated a reckless disregard of the consequences arising from the alleged slip and fall, and their current predicament was created solely by their own malfeasance. It is difficult to believe that Defendants never received notice of any of the <u>five</u> correspondences from either the Court or Plaintiff's counsel that were sent to them prior to the date the marshal served notice of levy. Therefore, as Defendants' culpable conduct caused their default, this factor weighs heavily in favor of upholding the default judgment.

*c. Prejudice*

The final consideration is whether the non-defaulting party will suffer prejudice if the action is re-opened. <u>See Gross</u>, 700 F.2d at 122. Prejudice may be shown if <u>inter alia</u>,,"the non-defaulting party's ability to pursue the claim has been hindered since the entry of the default judgment...." <u>Feliciano v. Reliant Tooling Co.</u>, 691 F.2d 653, 657 (3d Cir. 1982).

Here, as noted <u>supra</u>, one of the affirmative defenses offered by the Defendants in their proposed Answer is that Plaintiffs have named as a defendant an entity (C-Town) that cannot be sued. Another affirmative defense is that Plaintiffs failed to name Tilghman Food Corporation ("TFC"), which Defendants claim is an indispensable party because TFC "had

6

assumed complete control of the subject premises and had also assumed a contractual obligation to indemnify the Landlord..." Brief in Support of Motion to Vacate at 5.

Plaintiffs allege that the accident took place on November 16, 2006. Therefore, the two year statue of limitations in Pennsylvania for personal injury claims expired on or about November 16, 2008. As a result, Plaintiffs would be time-barred from naming any other entities as Defendants in this action even if given time to conduct discovery. The Court will not permit Defendants to benefit from their culpable conduct in this matter by belatedly claiming that Plaintiffs have sued the wrong parties, yet argue that any claims against new parties are time-barred. The Court finds that the prejudice factor also weighs heavily in favor of upholding the default judgment.

In sum, the Court finds that any meritorious defense the Defendants may have is outweighed by the Defendants' culpable conduct as demonstrated by their disregard for repeated communications from the Court and Plaintiff's counsel, as well as by the time that elapsed from when the Complaint was served on the Defendants to when the Defendants challenged the default judgment. The Court further finds that any meritorious defense is outweighed by the prejudice Plaintiffs would suffer if the default was vacated.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK SARULLO, | : | |
| BILLIE JEAN SARULLO, h/w | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | |
| | : | |
| VS. | : | NO. 08-CV-178 |
| | : | |
| C-TOWN SUPERMARKET, | : | |
| JD TILGHMAN REALTY, LLC | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 4th day of March, 2010, it is hereby ORDERED that the Defendants' Motion to Vacate Default Judgment [Doc. # 10] is DENIED.

BY THE COURT:

*S/THOMAS M. GOLDEN*
THOMAS M. GOLDEN, J.